Filed 12/30/24 P. v. Jones CA2/1

### NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B336014 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA103180) |
| v. | |
| WILBERT JONES, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County, Joseph J. Burghardt, Judge. Dismissed.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

_____

Defendant Wilbert Jones appeals from orders denying his request to withdraw his no contest plea to three rape-related charges and to an alleged miscalculation of his custody credits. His appellate counsel filed a brief pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, identifying no issues on appeal. We dismiss Jones's appeal as we lack jurisdiction over it.

## PROCEDURAL BACKGROUND

The People charged Jones with forcible oral copulation involving victim T.J. (Pen. Code,[1] § 287, subd. (c)(2)(A); count 1), sexual penetration of T.J. by use of force (§ 289, subd. (a)(1)(A); count 2), and sexual penetration of M.J. by use of force (§ 289, subd. (a)(1)(A); count 3). As to each of these counts, the information alleged that Jones committed an offense within the meaning of section 667.61, subdivisions (b) and (c), against more than one victim (§ 667.61, subd. (e)(4)). The information also alleged that Jones had suffered a prior strike conviction in 1991 for voluntary manslaughter (§§ 192, subd. (a), 667, subds. (b)-(j), 1170.12).

On July 28, 2022, pursuant to a negotiated agreement, Jones pleaded no contest to all three counts and admitted certain circumstances in aggravation pursuant to California Rules of Court, rule 4.421, namely: the crime involved great bodily injury; the victim was particularly vulnerable; there were multiple victims; and Jones took advantage of a position of trust. On August 9, 2022, the court sentenced Jones to 16 years imprisonment and awarded him credit for 803 days in custody,

---

[1] All unspecified statutory references are to the Penal Code.

consisting of 699 actual days of custody and 104 days good time/work time.

On December 5, 2023, Jones filed a motion for additional custody credit, contending he was entitled to credit for 1,696 days in custody (consisting of 1,606 actual days of custody and 90 days good time/work time) rather than the 803 days calculated by the trial court. Two days later, Jones filed a petition for a writ of error *coram nobis* asserting he received ineffective assistance of counsel in connection with his plea. Jones further asserted in his writ petition that the trial court erred in approving the plea agreement without making sure he fully understood the consequences of pleading no contest, and that the prosecutor failed to inform Jones of the consequences of the plea and to make sure Jones understood them.

On December 7, 2023, the trial court summarily denied both requests. In denying the request for additional custody credit, the court stated that Jones "provide[d] NO basis" for his request, and that the record contradicted his claim as "he was arraigned on this case on September 10, 2020. He was sentenced approximately 699 days later on August 08, 2022." The trial court construed the petition for a writ of error *coram nobis* as a habeas corpus petition. It denied the petition as untimely and for failing to include reasonably available documentary evidence supporting the claims. The court further stated the waiver of rights plea form initialed by Jones contradicted his claimed lack of understanding, and that Jones assured the court on the record during the plea colloquy that he had read and reviewed the waiver form with his attorney and understood all of the rights and consequences of his plea as detailed in the form.

3

Jones now appeals both orders. His appointed appellate counsel filed a brief raising no issues and requesting that we exercise our discretion to independently review the record for error pursuant to *People v. Delgadillo, supra,* 14 Cal.5th 216. In *Delgadillo,* our Supreme Court established procedures for cases in which counsel determines that an appeal from an order denying postconviction relief lacks merit. In such cases, "(1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and that if no letter or brief is filed within 30 days, the court may dismiss the matter." (*Id.* at pp. 231-232.) If the defendant does not file a supplemental brief, we "may dismiss the appeal as abandoned." (*Id.* at p. 232.) Because a defendant who has been denied postconviction relief has no constitutional right to an appeal, we are not required to conduct an independent review of the record before dismissing the appeal, but we may conduct such a review at our discretion. (*Id.* at pp. 227-228, 232.)

If the defendant does file a supplemental brief or letter, we are "required to evaluate the specific arguments presented in that brief and to issue a written opinion. The filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*People v. Delgadillo, supra,* 14 Cal.5th at p. 232.)

On November 14, 2024, we notified Jones by letter of the no-merits brief filed by his counsel and informed him that he had

30 days to file a supplemental brief.[2]  We received Jones's supplemental brief on December 9, 2024.

## DISCUSSION

We lack jurisdiction over Jones's appeal.  His claim that the court miscalculated custody credits is one that Jones must make by a petition for a writ of habeas corpus, as his conviction was final and execution of his sentence had begun by the time he requested relief.  (E.g., *People v. Boyd* (2024) 103 Cal.App.5th 56, 66; *People v. King* (2022) 77 Cal.App.5th 629, 640-641.)  We therefore construe his request related to custody credits before the trial court as a habeas petition.  Once the trial court denied that petition, its order became final.  "No appeal lies from an order denying a petition for writ of habeas corpus."  (*Jackson v. Superior Court* (2010) 189 Cal.App.4th 1051, 1064.)  Instead, "review of the order can only be had by the filing of a new petition in the Court of Appeal."  (*Id.* at p. 1064, fn.5.)[3]

We likewise construe Jones's petition alleging infirmities in his guilty plea as a petition for a writ of habeas corpus.  Despite

---

[2] In a declaration submitted with his brief, Jones's counsel averred that he sent Jones a copy of counsel's brief along with the record, and likewise informed Jones he had 30 days to file any supplemental brief.

[3] We do not construe Jones's appeal as a petition for a writ of habeas corpus filed with this court.  The requirements for habeas relief include a verified petition (§ 1474) and a description of prior applications for habeas relief related to the detention at issue (§ 1475).  The rules governing a direct appeal do not contain similar requirements, and we decline to fault Jones for failing to comply with these habeas-related rules in the context of an appeal.

Jones titling his request as seeking a writ of error *coram nobis*, "the writ of error *coram nobis* is unavailable when a litigant has some other remedy at law" such as a direct appeal or a petition for a writ of habeas corpus. (*People v. Kim* (2009) 45 Cal.4th 1078, 1093-1094.) "*Coram nobis* will not issue to vacate a plea of guilty solely on the ground that it was induced by misstatements of counsel [citation] or where the claim is that the defendant did not receive effective assistance from counsel [citations]." (*People v. Gallardo* (2000) 77 Cal.App.4th 971, 982-983.) Instead, a petitioner may advance such claims through a petition for a writ of habeas corpus. (*Id*. at p. 983.) The writ of error *coram nobis* is similarly unavailable for Jones to assert claims that the court or the prosecutor improperly induced him to plead no contest, as he could have asserted those claims previously through a direct appeal or now through a petition for a writ of habeas corpus. (*People v. Archer* (2014) 230 Cal.App.4th 693, 706.)

Given the availability of a petition for a writ of habeas corpus, Jones may not seek a writ of error *coram nobis* to attack his plea. It is for this reason the trial court construed Jones's petition related to his plea as being one for a writ of habeas corpus. We do likewise, meaning we lack jurisdiction over an appeal from a trial court order denying that habeas petition. (*Jackson v. Superior Court*, *supra*, 189 Cal.App.4th at p. 1064.)

As we lack jurisdiction, we decline to conduct an independent review of the record for error and further reject Jones's assertion that he received ineffective assistance from his appellate counsel.

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED


                                WEINGART, J.


We concur:



        ROTHSCHILD, P. J.



        M. KIM, J.